**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 23, 2014**

# In the Court of Appeals of Georgia

A14A1320. LEWIS v. THE STATE.

RAY, Judge.

Crawford Lewis, Patricia Reid, and Anthony Pope were indicted and charged with violating Georgia's Racketeer Influenced and Corrupt Organizations (RICO) Act (OCGA § 16-14-4) and felony theft by taking (OCGA § 16-8-2). As part of a negotiated plea agreement, the State agreed to dismiss the RICO and related theft charges against Lewis in exchange for his guilty plea to one misdemeanor count of hindering and obstructing a law enforcement officer (OCGA § 16-10-24 (a)), conditioned upon Lewis testifying truthfully at the trial against his co-defendants. Lewis entered his negotiated plea with the understanding that the State would be recommending a sentence of 12 months probation, a $500 fine, and 240 hours of community service if he satisfied his obligation to testify truthfully against his co-

defendants. The trial court accepted his plea and deferred sentencing until the end of trial. Lewis subsequently testified at trial, and his co-defendants were ultimately convicted. The sole issue presented in this appeal is whether the trial court erred when it imposed a sentence upon Lewis which differed from the understood terms of the negotiated plea. For the reasons that follow, we vacate the sentence and remand the case with direction.

Instead of sentencing Lewis to 12 months probation pursuant to the State's recommendation, the trial court sentenced Lewis to 12 months in confinement. In so doing, the trial court took the position that Lewis' plea was not a negotiated plea. However, the record shows that the parties had a plea discussion with the trial judge in chambers prior to Lewis' plea and that the trial judge "went along" with the State's recommendation at the time of the plea. Although this discussion was not transcribed, it appears from the colloquy at the time of the plea that the State had made a sentence recommendation and that the trial court had agreed to sentence Lewis in conformity therewith, provided that Lewis later testified truthfully at the trial of his co-defendants. Accordingly, we find that Lewis' plea was negotiated and that the trial court had accepted the plea under the terms understood by the parties.

1. In what appears to be a matter of first impression for Georgia's appellate courts, we are called upon to determine whether Lewis, after relying on the plea agreement to his detriment, has a right to force the trial court to adhere to the terms of the negotiated plea that it had earlier accepted.

In *Santobello v. New York*, 404 U. S. 257 (92 SCt 495, 30 LE2d 427) (1971), the United States Supreme Court acknowledged that plea bargaining is not only desirable, but also that it is essential to the orderly disposition of criminal proceedings. Id. at 260-261. However, plea bargaining is only acceptable when the method of securing the agreement is fair. Id. at 261. In *Santobello*, the prosecutor promised the defendant that in return for a guilty plea that the prosecutor would not make a recommendation as to the sentence to be imposed. Id. at 258. A subsequent prosecutor assigned to the case failed to keep this promise, Id. at 259, and the Court held that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262.

Here, it was the trial judge, not the prosecutor, who allegedly did not adhere to the understood terms of the negotiated plea. However, we find that the rationale set forth in *Santobello* should still apply in this case. When a trial judge accepts a

3

negotiated plea and the defendant later relies on the terms of plea agreement to his detriment by waiving certain constitutional rights that cannot be recovered, the failure of the trial judge to adhere to the terms of the negotiated plea would likely offend the integrity and reputation of the criminal justice system even more than any unkept promise made by a prosecutor. This is so because judges are neutral, whereas prosecutors are adversarial by nature.

In this case, the record shows that the State had made a negotiated plea recommendation and that the trial judge went along with this recommendation at the time she accepted the plea. Although Lewis' sentencing was deferred, the trial judge had, at the very least, implicitly agreed to sentence him according to the State's recommendation, provided that he testified truthfully at the trial of his co-defendants. Lewis relied on the trial court's acceptance of his negotiated plea when he later waived his Fifth Amendment rights and testified on behalf of the State at trial, wherein he provided testimony that incriminated himself. Thus, the trial judge's alleged failure to adhere to the terms of the negotiated plea in this case would be more detrimental than the prosecutor's breach in *Santobello*.[1]

---

[1] Although the trial court has indicated that it would allow Lewis to withdraw his guilty plea, such relief would be wholly inadequate in this case. The trial court indicated that, if he withdrew his guilty plea, it would allow his incriminating testimony to be used against him in the prosecution of all of the charges against him under the indictment.

Under the unique circumstances presented here, we find that the interests of justice require that Lewis be sentenced according to the State's recommendation pursuant to the negotiated plea, provided that he testified truthfully on behalf of the State at the trial of his co-defendants.

2. At the sentencing hearing, both the State and Lewis informed the trial court that Lewis had satisfied his obligation to testify truthfully on behalf of the State at the trial, and both asked the trial court to sentence Lewis in accordance with the State's recommended sentence. The trial court did not disagree with the parties's contentions regarding the truthfulness of Lewis' testimony, but it nevertheless imposed a harsher sentence based on its reasoning that "[Lewis] is a public official, this was on his watch, he stood by. And then he hindered and interfered with and tried to stop the completion of a rightful, lawful investigation."[2] However, at a subsequent hearing on Lewis' motion for reconsideration of the sentence, the trial court stated that its decision regarding Lewis' sentence was based on "the credibility, the believability, the probability or the improbability of the testimony[,]" thereby implying that Lewis may have testified untruthfully at the trial of his co-defendants.

---

[2] While we understand that in hindsight the plea deal might not seem fair given Lewis' culpability as revealed by the evidence and empathize with the trial court's concern, that would not be a valid reason to refuse to impose a previously agreed to sentence.

On appeal, both the State and Lewis maintain that Lewis had testified truthfully on behalf of the State. Apparently, the trial court believes otherwise. In light of the parties' non-adversarial posture with regard to this issue, and to ensure the fairness and integrity of the plea bargain in this case, we find that the parties are entitled, upon remand, to notice of the specific portions of Lewis' testimony that were *material* to the State's case against the co-defendants that the trial court may have considered questionable and an opportunity to present additional evidence and argument with regard to such testimony.[3] Obviously, our holding here would only be applicable upon

---

[3] In so holding that Lewis is entitled to notice and an opportunity to be heard, we are mindful that persons held in criminal contempt are afforded varying degrees of due process. A holding of indirect contempt requires that the offending person must be advised of the charges, have a reasonable opportunity to respond to them, and the right to call witnesses. (Citations omitted). *Ramirez v. State*, 279 Ga. 13, 15 (2) (608 SE2d 645) (2005) (citations and punctuation omitted); See also *Dowdy v. Palmour*, 251 Ga. 135, 142 (2) (c) (304 SE2d 52) (1983) (holding that the party sought to be held in contempt must be given "reasonable notice of the specific charges and [an] opportunity to be heard"). Even a party subject to a finding of direct contempt is entitled an opportunity to speak in his or her own behalf. *Ramirez,* supra at 14 (2). For such opportunity to be meaningful, he or her must know the basis for the charge. In any event, we have held that even in some arguably direct contempt situations, absent a strong interest in summary adjudication, the offending party may be entitled to more normal adversary procedures, including notice and a reasonable opportunity to prepare a defense. *Newton v. Golden Grove Pecan Farm*, 309 Ga. App. 764, 770 (1) (711 SE2d 351) (2011).

remand if the trial court continues to have issue with regard to the truthfulness of Lewis' trial testimony.[4]

For the above reasons, Lewis' sentence is vacated and the case is remanded to the trial court for further proceedings not inconsistent with this opinion.[5]

*Judgment vacated and case remanded with direction. Andrews, P. J., and McFadden, J., concur.*

---

[4] Should the trial court ultimately find that Lewis testified untruthfully as to the material aspects of the State's case, we note that such a finding may call into question the validity of the co-defendants' convictions. See *Fugitt v. State*, 251 Ga. 451, 452-453 (1) (307 SE2d 471) (1983) (where defendant's conviction was based on the testimony of a prosecution witness and it was later established without a doubt that the witness had testified untruthfully as to the material aspects of the State's case, the defendant was entitled to a new trial).

[5] A reasonable question arises as to whether the trial court should recuse and allow another judge to make the decision as to the truthfullness of Lewis' testimony and whether he remains entitled to the plea deal. See *Newton*, supra at 772-773 (3). We, however, do not reach that issue in this appeal. The parties may renew upon remand any recusal motion in that regard in light of our holding herein.