**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March18, 2015**

# In the Court of Appeals of Georgia

A15A0537. THE STATE v. REID et al.

RAY, Judge.

Nearly a year after a jury convicted Patricia Reid and Anthony Vincent Pope of various felonies, the trial court reversed the judgment of conviction and granted them new trials purportedly based upon the court's doubts as to the credibility of a State witness. The State argues on appeal that the trial court erred in granting the new trials. Under the unique circumstances presented in this case, we agree.

The pertinent case history is as follows. In July 2013, Reid, Pope, and co-defendant Crawford Lewis were indicted in the Dekalb County Superior Court for violating Georgia's Racketeer Influenced and Corrupt Organizations (RICO) Act (OCGA § 16-14-4) and for theft by taking (OCGA § 16-8-2) based upon their alleged joint conspiracy to redirect government contracts and misappropriate government

property. Lewis was also charged under a separate indictment for obstructing an officer (OCGA § 16-10-24 (a)). In October 2013, Lewis pled guilty to a misdemeanor in the obstruction of an officer case in exchange for a probationary sentence, a fine, and community service. As a condition of his plea, Lewis agreed to testify truthfully against Reid and Pope in their joint trial. Lewis testified in the November 2013 trial, and the jury subsequently convicted both Reid and Pope of RICO violations and also found Reid guilty of theft by taking.

The trial court entered judgment on the verdict and held a sentencing hearing in December 2013, at which Reid was sentenced to 20 years, with 15 years to be served in confinement, and Pope was sentenced to 20 years, with 8 years to be served in confinement. Although the State maintained that Lewis satisfied his obligation to testify truthfully and requested that he be sentenced in accordance with the plea agreement, the trial court refused to do so. Without challenging the truthfulness of Lewis's testimony, the trial judge—admittedly incensed by what she considered to be the "abhorrent" criminal conduct of all involved—emphasized that Lewis was "a public official, this was on his watch, he stood by. And then he hindered and interfered with and tried to stop the completion of a rightful, lawful investigation."

2

Consequently, she refused to impose upon Lewis a sentence "disproportionate" to that of his co-conspirators and instead sentenced him to 12 months in confinement.

Reid and Pope thereafter filed timely motions for new trials, but Pope later withdrew his motion and filed a notice of appeal. Meanwhile, in the obstruction case, Lewis filed a motion for an immediate hearing for reconsideration of his sentence. After conducting a hearing on the motion, the trial judge declined to reconsider the sentence, changed her rationale for refusing to consummate the previously agreed upon plea deal, and stated for the first time that her rejection of Lewis's plea and the resultant sentence were based upon "the credibility, the believability, the probability or the improbability of [Lewis's] testimony[.]"

Lewis, now aligned with the State, appealed his case to this Court. See *Lewis v. State*, 330 Ga. App. 412 (767 SE2d 771) (2014). Although sympathetic to the trial court's plight given Lewis's criminal culpability, we nonetheless held that the court was bound to sentence Lewis in accordance with the terms of the plea agreement so long as his material testimony to the State's case against Reid and Pope was truthful. See Id. at 412 (1). We remanded the case to the trial court to allow the judge to identify specifically the testimony she considered of questionable credibility, to determine whether that testimony was material to the prosecution, and to provide

3

Lewis (and the State, on his behalf) an opportunity to respond. See Id. at 413 (2). In a footnote of the opinion, we noted that if the trial court ultimately concluded that Lewis did, in fact, testify untruthfully to material aspects of the State's case, "such a finding may call into question the validity of [Reid and Pope's] convictions." (Citation omitted.) Id. at 413 (2), n.4.

On October 27, 2014, three days after our opinion in *Lewis* was rendered but before the remittitur was sent, the trial judge issued the instant order in which she identified those parts of Lewis's testimony that she considered lacking in credibility, deemed the testimony material, and held that she "[could not] presume that [the testimony] did not impact the jury's verdict as to [Reid and Pope]." She thereafter granted Reid's motion for new trial and *sua sponte* granted Pope a new trial "in the interests of justice."[1]

The State appeals, arguing that the trial court erred in reversing Reid and Pope's judgment of conviction.[2] We agree.

_____

[1] Pope withdrew his notice of appeal that was pending in this Court a few hours before the trial court issued the order.

[2] The State's brief focuses primarily on the trial court's failure to conduct proceedings in the *Lewis* case and make findings of fact in accordance with our opinion in *Lewis*. For the reasons also noted in the State's brief and fully explained herein, however, the trial court erred for reasons completely independent of the *Lewis*

4

Georgia law authorizes the trial court to independently assess a witness's credibility and grant a new trial if the court determines that the verdict of the jury "is . . . contrary to evidence and the principles of justice and equity," OCGA § 5-5-20, or if it is "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. "When properly raised in a timely motion, these grounds for a new trial—commonly known as the general grounds—require the trial judge to exercise a broad discretion to sit as a thirteenth juror." (Citation and punctuation omitted.) *White v. State*, 293 Ga. 523, 524 (2) (753 SE2d 115) (2013). See also *Choisnet v. State*, 292 Ga. 860, 861 (742 SE2d 476) (2013). In so doing, the trial court has an "affirmative duty" not only to assess witness credibility, but also to consider conflicts in the evidence and to weigh the evidence as a whole in order to determine whether the verdict is so decidedly against the weight of the evidence and/or the principles of justice and equity so as to warrant the Court setting it aside. *Brockman v. State*, 292 Ga. 707, 713 (4) (739 SE2d 332) (2013); see *White*, supra at 524 (2) ("In exercising . . . discretion [under the general grounds], the trial judge must consider some of the things that she cannot when assessing the legal sufficiency of the evidence, including

case.

any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence.") (citation omitted).; *Choisnet*, supra at 861 ("A trial court reviewing a motion for new trial based on [general] grounds has a duty to exercise its discretion and weigh the evidence and consider the credibility of the witnesses"). See also *Copeland v. State*, 327 Ga. App. 520, 525 (759 SE2d 593) (2014) (noting that it is "incumbent" upon the trial judge to weigh the evidence under the general grounds). The court's discretion "should be exercised with caution, and the power to grant a new trial on this ground should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." (Citation and punctuation omitted.) *Alvelo v. State*, 288 Ga. 437, 438 (1) (704 SE2d 787) (2011).

Furthermore, if a trial court grants a new trial on its own motion, it must do so within 30 days from entry of the underlying judgment. See OCGA § 5-5-40 (h) ("The court . . . shall be empowered to grant a new trial on its own motion within 30 days from entry of the judgment . . ."). Moreover, outside of that statutorily defined 30-day window, a trial court considering a timely motion for new trial is confined to the grounds raised in the motion itself. See *State v. Jones*, 284 Ga. 302, 303 (1) (667 SE2d 76) (2008); *Bean v. Landers*, 215 Ga. App. 366, 368 (2) (450 SE2d 699) (1994).

6

As set forth below, when considered within this statutory framework, we have no trouble concluding that the trial court erred in reversing Reid and Pope's judgment of conviction.

1. The question as to whether Reid sufficiently raised the general grounds in her motion for new trial so as to invoke the trial court's discretion to act as the thirteenth juror is a close one.[3] In following with our mandate to liberally construe motions or other pleadings "to serve the best interests of the pleader," however, we will construe the motion in Reid's favor and consider the issue to have been raised. (Citation and punctuation omitted.) *Gully v. Glover*, 190 Ga. App. 238, 239 (378 SE2d 411) (1989).

Nevertheless, although the trial court exercised its discretion as the thirteenth juror to assess the credibility of at least one witness, it otherwise failed to properly fulfill its affirmative statutory duty to independently weigh the trial evidence as required by OCGA § 5-5-20 and § 5-5-21. See *White*, supra at 524 (2); *Walker v. State*, 292 Ga. 262, 264 (2) (737 SE2d 311) (2013). This conclusion is evidenced by

---

[3] The special grounds raised in Reid's motion for new trial generally go to the sufficiency of the evidence and/or actions of the trial court that she contends were errors of law or constitutional violations. She did, however, vaguely assert that "[t]he evidence confused the jury and provided no clarity to reach a unanimous verdict," and that "the jury's verdict is contrary to the law and facts."

7

the fact that the judge ordered a new trial based upon her inability to "presume that [Lewis's untruthful testimony] did not impact the jury's verdict[.]" . But, the impact that Lewis's testimony may have had on the jury's evaluation of the evidence is not the proper inquiry under the general grounds. Rather, after assessing Lewis's credibility and identifying the offending testimony, it was incumbent upon the trial court to then examine and weigh the remaining evidence and independently consider whether the jury's verdict was "contrary to [the] evidence and the principles of justice and equity," OCGA § 5-5-20, or was "decidedly and strongly against the weight of the evidence." OCGA § 5-5-21. See *White*, supra, at 524 (2); *Walker*, supra, at 264 (2). This it clearly did not do. Accordingly, we must vacate the trial court's order and remand this case to the trial court for proper consideration of the general grounds, as well as the remaining arguments contained in Reid's motion for new trial.

2. As to Pope, the trial court lacked the authority to reverse his judgment of conviction. The record is undisputed that Pope did not have a motion for new trial pending at the time the trial court entered its order, which occurred nearly a year after the entry of judgment. Because the trial court's *sua sponte* grant of a new trial fell outside of the 30-day window prescribed by the statute, it was erroneous as a matter of law. See OCGA § 5-5-40 (h). See also *Jones*, supra at 303 (1).

8

For these reasons, the trial court's order is vacated as to Reid and reversed as to Pope, and this case is remanded to the trial court for consideration of Reid's motion for new trial.

*Judgment reversed in part, vacated in part and case remanded. Barnes, P. J., and McMillian, J., concur*.