In the Supreme Court of Georgia

Decided:   Novemberr 16, 2015

S15G0666.  THE STATE v. LEWIS.

THOMPSON, Chief Justice.

We granted a petition for writ of certiorari in this case to decide, inter alia, whether the Court of Appeals erred in determining that a trial court, having agreed to accept the terms of a negotiated plea agreement between the State and a criminal defendant, retained the authority to decide whether the terms of the plea agreement had been satisfied and reject the plea agreement if they had not. See Lewis v. State, 330 Ga. App. 412 (767 SE2d 771) (2014).   The State contends that having agreed to accept the terms of a plea bargain the State negotiated with the defendant, Crawford Lewis, the trial court subsequently lacked the authority to determine whether the terms of the parties' plea agreement had been fulfilled absent a dispute between the parties.   Because we conclude that the Court of Appeals' opinion properly balanced the rights of the parties with respect to the enforcement of the terms of a plea agreement with the power of the trial court to reject such agreements, we affirm.

The facts giving rise to this appeal are as follows: After a DeKalb County

grand jury indicted Lewis, Patricia Reid and Anthony Pope, on charges of violating Georgia's Racketeer Influenced and Corrupt Organizations (RICO) Act (OCGA § 16-14-4 et seq.) and felony theft by taking (OCGA § 16-8-2), the State offered Lewis a plea deal. In exchange for pleading guilty to one misdemeanor count of hindering and obstructing a law enforcement officer (OCGA § 16-10-24 (a)), the State agreed to dismiss the RICO and related theft charges against Lewis, conditioned upon his testifying truthfully at the trial of his co-defendants. At the time his plea was entered, Lewis understood that if he satisfied his obligations with respect to providing truthful testimony against his co-defendants, the State would recommend to the trial court that he be sentenced to 12 months probation, a $500 fine, and 240 hours of community service. The trial court accepted Lewis' plea, but withheld sentencing pending Lewis' compliance with the plea terms and a final resolution in the case against his co-defendants.

As required by the terms of the plea agreement, Lewis waived his Fifth Amendment rights and testified at the trial of Reid and Pope, who were convicted. Thereafter, at the sentencing hearing, the State proffered that Lewis had complied with the conditions of the plea bargain by testifying truthfully, and

asked the trial court to impose the agreed upon sentence. Without specifically addressing the question of whether Lewis' trial testimony had been truthful, the trial court rejected the State's sentencing recommendation and announced its intention to sentence Lewis to 12 months to serve. The trial court then gave Lewis an opportunity to withdraw his plea and proceed to trial, but he chose not to do so. The trial court sentenced Lewis to 12 months imprisonment, denied his request for supersedeas bond, and remanded him into state custody. The next day, Lewis' attorneys filed an emergency motion seeking reconsideration of his sentence,[1] and the trial court scheduled a hearing for the following week.

At the hearing on the emergency motion, the trial court pointed to language in the guilty plea transcript showing that Lewis clearly had been advised that the court was not bound by any of the State's promises or recommendations and would only sentence him according to the State's recommendation if he testified truthfully. Declaring that its decision regarding Lewis' sentence was based on "the credibility, the believability, the probability or the improbability of the testimony [it] heard," the trial court denied Lewis'

---

[1] In his emergency motion Lewis (1) sought reconsideration of his sentence in accordance with the negotiated plea agreement, (2) asked for the recusal of the trial judge in the event reconsideration was denied, and, in the alternative, (3) moved to withdraw his guilty plea.

motion for reconsideration. Although the trial court again offered to allow Lewis to withdraw his guilty plea, it informed him that if he did, his prior testimony could be used against him in a future prosecution. Rather than withdraw the plea, Lewis requested a certificate of immediate review which the trial court granted. His subsequent application for interlocutory appeal was granted by the Court of Appeals.

On appeal, Lewis argued that the trial court, having accepted the negotiated plea agreement, erred in refusing to sentence him in accordance with its terms. Lewis asserted, and the State agreed, that he had testified truthfully as required by the plea conditions. Because neither party to the agreement disputed that this condition had been met, Lewis claimed the trial court had no authority to refuse to impose the agreed upon probationary sentence.

After reviewing the transcript of the plea hearing, the Court of Appeals found that the trial court, in accepting Lewis' guilty plea, had agreed to sentence him in conformity with the terms of the negotiated plea agreement, provided that he testify truthfully at the trial of his co-defendants. See Lewis, supra, 330 Ga. App. at 414. Noting that Lewis had detrimentally relied on the trial court's acceptance of the plea bargain by waiving his constitutional rights in order to

4

testify on behalf of the State, the Court of Appeals concluded that Lewis was entitled to specific performance of the plea terms previously accepted by the trial court, if he had, in fact, testified truthfully. Id. The Court of Appeals also observed, however, that, although both the State and Lewis claimed Lewis' testimony had been truthful, the trial court apparently disagreed. Recognizing the need to ensure the fairness and integrity of Lewis' plea bargain, the Court of Appeals vacated Lewis' sentence and remanded the case to the trial court for an evidentiary hearing for the purpose of determining whether Lewis had fulfilled his obligation of testifying truthfully. Id. at 415.

The State filed a petition for certiorari, which we granted, asserting that the Court of Appeals erred by finding that the trial court could refuse to adhere to the terms of the parties' negotiated plea agreement which the court had previously accepted, despite both parties agreeing the plea terms had been satisfied.

1. We note, as an initial matter, that both the State and Lewis have an interest in seeing that their bargained for plea agreement is accepted and enforced by the trial court in this case. To this end, the parties phrase their arguments challenging the trial court's actions in terms of general contract

principles to be applied to a simple contract between the State and Lewis and in which, they argue, the trial court has no interest. These arguments, however, give little or no consideration to the authority and constitutional responsibility of a trial court in the sentencing of a criminal defendant who has entered into a plea agreement with the State and specifically ignore the trial court's acceptance of the plea agreement in this case. With that in mind, as discussed further below, we reject the broad proposition posited by the parties that once a trial court accepts a plea agreement in a criminal prosecution, it has no authority to determine whether the parties to that agreement, either the State or the defendant, have complied with its terms and no authority to reject the plea agreement and agreed upon sentence based on one party's lack of performance if the other party does not complain of the lack of performance.

2. In order to address the parties' specific arguments and the issues identified in our grant of certiorari, we first must establish the terms of the plea agreement between Lewis and the State and the trial court's acceptance thereof. In that regard, the parties do not dispute that the State, Lewis, and the trial court all understood that the State's agreement to reduce the charges against Lewis and to recommend to the trial court a sentence of 12 months probation was

6

contingent upon Lewis testifying truthfully in the State's prosecution of his co-defendants. It is also beyond reasonable dispute that the trial court's acceptance of the negotiated plea agreement and its commitment to sentence Lewis to the agreed upon probationary sentence was expressly conditioned on Lewis' fulfillment of his obligation to testify truthfully. The plea hearing transcript shows that when entering his guilty plea, Lewis confirmed that he understood that he faced a maximum sentence of 12 months in prison, that the trial court was withholding sentence until after he testified in the trial of his co-defendants, and that while the State had recommended a sentence of 12 months probation, the trial court would sentence Lewis "accordingly," subject to his truthful testimony at the trial.[2] We agree with the Court of Appeals, therefore, that both the plea agreement and the trial court's commitment to sentence Lewis according to the terms of that agreement were conditioned upon Lewis'

---

[2] Although the State asserts in its post-argument brief that the trial court did not explicitly condition its acceptance of the *guilty plea* on any event, thereby suggesting that the trial court's agreement to impose the recommended sentence was similarly not conditioned on any event, it concedes in its initial brief to this Court that the guilty plea form signed by Lewis was expressly amended to reflect that "the district attorney has conveyed a recommendation to your attorneys and the Court will sentence you accordingly subject to your truthful testimony during the trial of co-defendants Patricia Reid and Vincent Anthony Pope." Petitioner's Brief at 11. Lewis similarly concedes in his brief that the State, Lewis, and the trial court recognized that the "court would impose the recommended sentence so long as Dr. Lewis testified truthfully." Respondent's Brief at 6-7, n.2.

performance of his promise to provide truthful testimony at the trial of his co-defendants.[3] See Lewis, supra, 330 Ga. App. at 414.

3. Although both the plea agreement between Lewis and the State and the trial court's sentencing commitment were conditioned upon the giving of the same truthful testimony, the State, at Lewis' sentencing hearing, took the position that Lewis had in all aspects complied with his obligations under the plea agreement. The trial court, in apparent disagreement, considered Lewis' testimony at trial to be not credible and unbelievable and imposed a sentence which differed from the sentence it had agreed to impose had Lewis complied with the plea terms. Thus, the issue before the Court of Appeals and now before this Court is "whether Lewis, after relying on the plea agreement [and the trial court's acceptance of that agreement] to his detriment ha[d] a right to force the trial court to adhere to the terms of the negotiated plea that it had earlier accepted." Lewis, 330 Ga. App. at 413. And, if he had such a right, did the trial court have the authority to determine that Lewis breached the plea agreement in the absence of a claim of breach by the State. The parties assert that because the

_____

[3] A trial court's ability to conditionally accept the terms of a plea bargain and defer sentencing to allow a defendant to comply with said conditions is clearly contemplated by the provisions of Georgia Uniform Superior Court Rule 33.5.

8

trial court was not a party to the plea agreement, it had no independent role in determining whether the plea agreement's conditions had been met. It follows, they contend, that because the State was satisfied Lewis had fulfilled his obligations under the negotiated plea agreement, Lewis was entitled to specific performance of the plea terms. We disagree.

It is now beyond question that the plea bargaining process is an essential component in the effective administration of criminal justice. See Santobello v. New York, 404 U.S. 257, 261 (92 SCt 495, 30 LE2d 427) (1971); State v. Hanson, 249 Ga. 739, 746 (295 SE2d 297) (1971). Although, under Georgia law, a trial court does not participate in plea negotiations and is not a party to any plea agreement or contract that may be reached, the court, nonetheless, plays an active role in overseeing the performance of such agreements.[4] See Georgia Uniform Superior Court Rule ("USCR") 33.[5] Trial courts are charged with

---

[4] While plea agreements are "in essence, a contract between a defendant and the State," Simmons v. State, 292 Ga. 265, 267 (736 SE2d 402) (2013), given their unique nature, "slavish adherence to contract law should be avoided." State v. Hanson, 249 Ga. 739, 746 (295 SE2d 297) (1982); Brown v. State, 261 Ga. App. 115, 116-117 (582 SE2d 13) (2003). This is especially true where, as here, a plea agreement negotiated between the parties seeks sentencing concessions from the trial court. See United States v. Pollard, 959 F2d 1011, 1022 (D.C. Cir. 1992).

[5] Among its several provisions, this rule permits a trial court, at the behest of the parties, to review a tentative plea agreement and indicate whether or not it is likely to concur in the proposed disposition. See USCR 33.5 (B). Having indicated its concurrence, however, a trial court which later decides to enter a final disposition different from that contemplated by the plea agreement is

deciding whether the interests of the public are served by a proposed plea agreement's terms, and have wide discretion in accepting or rejecting agreements negotiated by the parties.  See USCR 33.6. See also Santobello, supra at 262; Barber v. State, 316 Ga. App. 701, 702, n. 4 (730 SE2d 176) (2012).  Where a trial court intends to reject a plea agreement, it is required to inform the defendant of that fact prior to sentencing and to give the defendant an opportunity to withdraw the plea.[6] See State v. Germany, 246 Ga. 455, 455 (1) (271 SE2d 851) (1980); Brown v. State, 324 Ga. App. 194, 196 (749 SE2d 781) (2013).

At the same time, once a plea agreement has been sanctioned by the trial court, it is incumbent on the court to ensure that the defendant receives that to which he or she is reasonably entitled.  See Santobello, 404 U.S. at 262.  See, e.g., State v. Hanson, 249 Ga. at 740 ("Where the defendant relinquishes valuable constitutional rights in exchange for immunity, the question of enforcement of the bargain has constitutional overtones.").  As stated by the

---

required to state on the record its basis for refusing to sentence in accordance with the plea terms. Id.

[6] The defendant is statutorily entitled to withdraw his or her guilty plea "at any time before sentence is pronounced."  OCGA § 17-7-93 (b).

Supreme Court in <u>Santobello</u>, the validity of the plea bargaining process "presupposes fairness in securing an agreement between an accused and a prosecutor." 404 U.S. at 261. The Court explained that

> [t]his stage of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

<u>Santobello</u>, supra at 262. See <u>United States v. Boatner</u>, 966 F2d 1575, 1580 (11th Cir. 1992). Although <u>Santobello</u> involved the breach of a plea bargain by the prosecution, we find the principle recognized in that case, that both the plea bargaining process and the adjudicative element inherent in accepting a plea of guilty must involve safeguards to insure that the defendant receives that which he or she was promised, is equally applicable in cases where it is the trial court that is alleged to have breached a promise on which the entry of the plea rests. In both instances, the policy interest of establishing trust between the defendant, prosecutors, and the trial court serves the same purpose, sustaining "plea bargains - an 'essential' and 'highly desirable' part of the criminal process."[7]

---

[7] Just as allowing the State to breach a plea agreement while holding a defendant to its terms would be a disincentive for defendants to enter into plea agreements, so too would allowing a

11

Puckett v. United States, 556 U.S. 129, 141 (129 SCt 1423, 173 LE2d 266)

(2009) quoting Santobello, 404 U.S. at 261-262.  As aptly stated by the Court

of Appeals,

> [w]hen a trial judge accepts a negotiated plea and the defendant later relied on the terms of the plea agreement to his detriment by waiving certain constitutional rights that cannot be recovered, the failure of the trial judge to adhere to the terms of the negotiated plea would likely offend the integrity and reputation of the criminal justice system even more that any unkept promise made by a prosecutor.

Lewis, 330 Ga. App. at 414.

Consistent with the principles of fairness recognized in Santobello, we

thus conclude that as a general rule, where a defendant has performed under the

terms of a negotiated plea agreement to his or her detriment in reliance on the

trial court's acceptance of the plea terms, the trial court, like the prosecution,

will be bound by its promises.[8]  See, e.g., United States v. Ritsema, 89 F3d 392,

defendant to breach the terms of a plea agreement upon which a sentencing commitment is based without repercussions be a disincentive for the State to enter into plea agreements.  Moreover, a trial court would rarely make a sentencing commitment conditioned upon compliance with the terms of a plea agreement if it believed that it would have no power to later vacate the plea based on a defendant's failure to perform.

[8]  In cases where a trial court similarly refused to abide by the terms of a plea agreement it previously accepted despite the defendant's performance thereunder, courts in other jurisdictions have held that the trial court loses its broad discretion to reject the plea terms.  See United States v. Yesil, 991 F2d 1527, 1532 (11th Cir. 1992) (court's discretion is "severely" curtailed once that court accepts a plea bargain). See also Tweedy v. State, 845 A2d 1215, 1223 (2004) (having accepted plea agreement which contemplated a particular sentence, court was required to impose the agreed upon

402 (7th Cir. 1996) (having signed off on plea bargain, court becomes bound thereby, and, absent proof of fraud or breach of the agreement's terms, can not set it aside); United States v. Yesil, 991 F2d 1527, 1532 (11th Cir. 1992) (court which "unqualifiedly" accepts a plea agreement is bound by the bargain); Boatner, supra, 966 F2d at 1578.  See also United States v. Vallejo, 463 Fed.Appx. 849, 851 (11th Cir. 2012) ("Like the government and defendant, the court is bound by a plea agreement that it accepts.").  See generally Mabry v. Johnson, 467 U.S. 504, 509 (104 SCt 2543, 81 LE2d 437) (1984) (induced guilty plea implicates due process clause).

Here, Lewis relied on the trial court's conditional acceptance of the negotiated plea terms to his detriment by waiving his Fifth Amendment rights and giving sworn, inculpatory testimony at the trial of his co-defendants. Having been induced to incriminate himself by promises both made and ratified by the trial court, Lewis was prejudiced thereby and cannot be made whole simply by being allowed to withdraw his guilty plea.  We agree with the Court

sentence, assuming all the conditions imposed upon the defendant were fulfilled); State ex rel. Brewer v. Starcher, 465 SE2d 185,194 (1995) (court has no authority to vacate or modify, sua sponte, validly accepted guilty plea based on subsequent events that do not impugn the validity of the original plea agreement); People v. Danny G., 461 NE2d 268, 271 (1984) (holding defendant entitled to specific performance of plea agreement where court's refusal to impose the agreed upon sentence lacked sufficient justification).

13

of Appeals that, under the unique circumstances presented in this case, Lewis would be entitled to specific performance of the negotiated plea terms previously accepted by the trial court, if he testified truthfully on the State's behalf at trial.

4. Of course, a trial court is clearly authorized to set aside a plea bargain based on a defendant's breach. See Simmons v. State, 292 Ga. 265, 267 (736 SE2d 402) (2013); Brown v. State, 261 Ga. App. 115, 118 (582 SE2d 13) (2003) (rescission of plea agreement was appropriate remedy where defendant's failure to testify truthfully at co-defendant's trial was a violation of the plea agreement). As a result, if the trial court found Lewis materially breached the plea agreement by failing to provide truthful testimony, the court would be relieved of its duty to sentence Lewis according to the State's recommendation, regardless of any consequences Lewis might suffer as a result of his partial performance. Id. See People v. Augustine, 697 NYS2d 698, 700 (1999) (specific enforcement of plea agreement not mandated where defendant deliberately breached the agreement, despite impossibility of returning defendant to "status quo ante" by permitting withdrawal of the plea). See also Ricketts v. Adamson, 483 U.S. 1, 10 (107 SCt 2680, 97 LE2d 1) (1987)

14

(defendant's breach of a plea agreement removed double jeopardy bar to prosecuting him on the original charges where defendant knew the consequences of his breach of his promise to testify).

The State asserts that it has sole discretion to determine whether Lewis violated the terms of the plea agreement. The parties, however, cannot avoid judicial oversight of plea agreements. Citing due process concerns, numerous courts have held that it is the responsibility of the trial court, not the state, to determine whether a plea agreement has been breached. See United States v. Guzman, 318 F3d 1191, 1196 (10th Cir. 2003) ("[T]he government may not unilaterally declare a breach of a plea agreement; a court must hold a hearing and make a finding that the defendant breached the agreement before the government is released from its obligations under the agreement."); United States v. Ataya, 864 F2d 1324, 1329-30 (7th Cir. 1988) ("[A] plea agreement is a contract, ... but a contract in which special due process concerns for fairness and the adequacy of procedural safeguards obtain .... [a defendant is therefore] entitled to a pretrial hearing under the due process clause to determine if, in fact, a breach occurred."); United States v. Packwood, 848 F2d 1009, 1011 (9th Cir. 1988) ("Plea agreements implicate important due process rights ... and so the

process must be fair .... A court must determine a breach, with an evidentiary hearing if there are disputed issues of fact."); United States v. Verrusio, 803 F2d 885, 888 (7th Cir. 1986) (recognizing that "due process prevents the government from determining unilaterally that the defendant breached the plea agreement"); United States v. Calabrese, 645 F2d 1379, 1390 (10th Cir. 1981) ("We believe that one requisite safeguard of a defendant's rights is a judicial determination, based on adequate evidence, of a defendant's breach of a plea bargaining agreement."); United States v. San Pedro, 781 FSupp. 761, 772 (S.D. Fla. 1991) ("The factual determination of whether the plea agreement has been breached is one for the district court judge").  We agree with the rationale of these cases that a judicial determination based on the presentation of adequate evidence with respect to the parties' performance is one of the safeguards attendant to the plea bargaining process.

As stated previously, plea agreements are an essential part of the criminal justice process, and although the prosecution may have reason to believe a defendant has satisfied his or her obligations or, on occasion, may possess a valid reason for choosing to overlook or ignore a defendant's breach of a plea agreement, it remains the primary duty of the trial court "to ensure not only that

the terms of the [plea] bargain are understood by the defendant but that they are adhered to by both sides, as well as by the court itself." Yesil, supra, 991 F2d at 1532 (quoting United States v. Blackwell, 694 F2d 1325, 1339 (D.C. Cir. 1982)). The parties, by contract or acquiescence, simply cannot eliminate their own burden of proving compliance with the terms of a plea agreement or the trial court's oversight of the plea bargaining process and its inherent power to protect the integrity of the judicial system. See Mooney v. Holohan, 294 U. S. 103, 112 (55 SCt 340, 79 LEd 791) (1935) (the deliberate deception of court and jury by the presentation of testimony known to be perjured violates the fundamental conceptions of justice). See also Williams v. State, 250 Ga. 463, 465 (298 SE2d 492) (1983) ("[W]e cannot and will not approve corruption of the truth-seeking function of the trial process."); Ritsema, supra at 401- 402 (plea agreement may be rescinded based on the defendant's breach of plea bargain to preserve the integrity of the judicial process); United States v. Britt, 917 F2d 353, 355 n.2, 359 (8th Cir. 1990) (inherent power to protect integrity of the judicial process authorized trial court to vacate guilty plea it had previously accepted where, prior to sentencing, defendant willfully failed to fulfill his

17

obligation to testify truthfully at co-defendant's trial).[9]

5. Finally, we address the propriety of the Court of Appeals' decision to vacate Lewis' sentence and remand this case to the trial court for an evidentiary hearing on the issue of whether Lewis breached the plea agreement. Although the trial court gave various reasons for imposing a harsher sentence on Lewis than that recommended by the State,[10] see Lewis, 330 Ga. App. at 414-415, at the hearing on Lewis' motion for reconsideration of the sentence, the trial court implied Lewis may have breached the plea agreement by testifying untruthfully. As the trial court made no express finding with respect to this issue, however, we agree that Lewis' sentence must be vacated and the case remanded for a hearing to determine the appropriate sentence.

It will be necessary, as part of that process, for the trial court to determine whether Lewis testified truthfully at the trial of his co-defendants as to all

---

[9] Any concern regarding whether due process or fairness would require the trial judge who presided over the trial of Lewis' co-defendants to recuse herself and allow a different judge to determine the veracity of Lewis' testimony has been mooted by the retirement of the judge who presided over these proceedings. We, therefore, do not address this issue in this appeal.

[10] The Court of Appeals correctly observed that the initial reason given by the trial judge at Lewis' sentencing hearing for imposing a harsher sentence on Lewis than that recommended by the State, i.e., that he was a public official who stood by while illegal activity occurred "on his watch" and who then hindered and interfered with a lawful investigation into such activity, did not constitute a breach and was not a valid reason for the court to refuse to impose the agreed-upon sentence.

material matters.  Should the trial court find, after consideration of the record, the parties' arguments, and the evidence, that Lewis did not testify truthfully, Lewis will lose the benefit of the negotiated sentencing agreement and the court will be relieved of its duty to impose the promised probationary sentence.[11]  In this circumstance, the court will be authorized to impose within its discretion any sentence legal under Georgia law.  See OCGA § 17-10-1 (a) (1).  See also OCGA § 17-9-93 (b).  If, however, the trial court determines on remand that Lewis testified truthfully, the condition precedent to the trial court's obligation to impose the probationary sentence recommended by the State will have been met and the interests of justice and our decision in this appeal will require the trial court to sentence him according to the negotiated plea agreement.

Judgment affirmed.  All the Justices concur, except Blackwell, J., who concurs in Division 2 and the judgment.

_____

[11]  Because it was not challenged by the parties, we do not consider in this appeal the propriety of the Court of Appeals' determination that "the parties are entitled, upon remand, to notice of the specific portions of Lewis' testimony that were material to the State's case against the co-defendant's that the trial court may have considered questionable and an opportunity to present additional evidence and argument with regard to such testimony." Lewis, 330 Ga. App. at 415. We note, however, that the Court of Appeals' opinion which we today affirm vacated the sentence imposed upon Lewis, thereby returning the parties to their pre-sentence status. The parties will, therefore, be entitled to the process generally due the parties at such stage of the proceedings.