# Court of Appeals
# of the State of Georgia

ATLANTA,  June 26, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0472.  THE STATE v. GRANT.**

The State filed an appeal from the trial court's grant of Dylan Grant's motion to enforce his plea agreement. The State argues that the trial court erred in finding no relevant evidence that Grant had materially breached his plea agreement.

The State contends that it has the right to appeal under OCGA § 5-7-1 (a) (6), which provides for a direct appeal from "an order, decision, or judgment of a court where the court does not have jurisdiction or the order is otherwise void under the Constitution or laws of this state[.]" The State argues that the trial court's order compelling compliance with the plea agreement is beyond the trial court's jurisdiction and void. In support of its argument, the State cites to *State v. Kelley*[1] as legal authority.

However, the trial court does have authority to rule on a motion to compel compliance with the terms of a plea agreement.[2] Because the trial court had

---

[1] 298 Ga. 527 (783 SE2d 124) (2016) (The trial court does not have the authority to accept a guilty plea to an uncharged, lesser included offense without the consent of the State.).

[2] See *State v. Lewis*, 298 Ga. 126, 133-134 (4) (779 SE2d 643) (2015) (A trial court is authorized to set aside a plea bargain based on a breach by the defendant and "it remains the primary duty of the trial court to ensure not only that the terms of the plea bargain are understood by the defendant[,] but that they are adhered to by both sides, as well as by the court itself.") (citations and punctuation omitted); *Syms v. State*, 331 Ga. App. 225, 228 (770 SE2d 305) (2015) (reversing the trial court's denial of a motion to enforce a plea agreement).

jurisdiction to rule on Grant's motion to compel and the State has not shown that the order was otherwise void,[3] the State's appeal is not authorized under OCGA § 5-7-1 (a) (6). Accordingly, we lack jurisdiction in this case.

Consequently, this appeal is hereby DISMISSED.[4]



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   06/26/2019
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

        *Stephen E. Castlen*
_____ *, Clerk.*

---

[3] The record reflects that Grant has not been sentenced in this case. The State might have had the right to appeal pursuant to OCGA § 5-7-1 (a) (1) which allows the State to appeal "[f]rom an order, decision, or judgment setting aside or dismissing any indictment, accusation, or a petition alleging that a child has committed a delinquent act, or any count thereof." Under the facts of this case, the State's plea agreement called for the dismissal of certain charges. Thus, the dismissal of charges over the State's objection might give it the right to appeal. Here, however, as the charges have not yet been dismissed, an appeal at this juncture is premature.

[4] See *Lewis*, 298 Ga. at 133-134 (4); *Syms*, 331 Ga. App. at 227-228.