# Court of Appeals
# of the State of Georgia

ATLANTA, October 02, 2024

*The Court of Appeals hereby passes the following order:*

A25A0299. THE STATE v. HANSEL ECHEVARRIA.

The State filed a direct appeal from the trial court's order compelling the State to comply with the terms of a plea agreement, which had been offered by the State and accepted by the defendant. We, however, lack jurisdiction.

In its notice of appeal, the State appears to claim that it is entitled to a direct appeal from the trial court's order by citing generally to OCGA § 5-7-1 and certain case law recognizing the State's right to appeal from an illegal judgment. However, "[t]he State is permitted to take appeals in criminal cases only to the extent expressly authorized by statute." *State v. Rodriguez*, 353 Ga. App. 345, 345 (836 SE2d 738) (2019) (citation and punctuation omitted). Notably, "the State may not appeal *any* issue in a criminal case, whether by direct or discretionary appeal, unless that issue is listed in OCGA § 5–7–1." *State v. Cash*, 298 Ga. 90, 91 (1) (779 SE2d 603) (2015) (citation and punctuation omitted; emphasis in original).

Here, the State does not direct us to any provision of OCGA § 5-7-1 authorizing this appeal, nor do we find any. Moreover, the State has not shown that the order was illegal or otherwise void.[1] Because the State's appeal is not authorized under OCGA

---

[1] Indeed, it is well established that a trial court has jurisdiction to enforce plea agreements. See *State v. Lewis*, 298 Ga. 126, 133-134 (4) (779 SE2d 643) (2015) (a trial court is authorized to set aside a plea bargain and "it remains the primary duty of the trial court to ensure not only that the terms of the plea bargain are understood by the defendant[,] but that they are adhered to by both sides, as well as by the court itself") (citation and punctuation omitted); *Syms v. State*, 331 Ga. App. 225, 228 (770 SE2d

§ 5-7-1, we lack jurisdiction. See *Rodriguez*, 353 Ga. App. at 347. Accordingly, this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   10/02/2024*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

305) (2015) (reversing the trial court's denial of a motion to enforce a plea agreement).