**SECOND DIVISION**
**DOYLE, P. J.,**
**DAVIS, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 17, 2026**

# In the Court of Appeals of Georgia

A26A0708. THE STATE v. NEWBERRY.

DOYLE, Presiding Judge.

Following a jury trial in which Tonya Newberry was found guilty of furnishing prohibited items to inmates (three counts) and crossing a guard line with drugs, the State appeals from the trial court's order granting a new trial on the general grounds. Specifically, the State contends that (1) the trial court acted prematurely because no judgment had been entered on the guilty verdict; (2) the trial court erroneously applied the thirteenth juror standard; and (3) the trial court erred by denying its motion to recuse. Discerning no reversible error, we affirm.

At trial, the State presented evidence showing that Newberry went to visit her son, who was incarcerated at Washington State Prison. When prison visitors enter the

driveway, they encounter signs, as Newberry did, notifying them that they are entering the "guard line" of the prison, where contraband is prohibited. Once on prison grounds, Newberry engaged in a visit with her son in the visitation room. According to the warden, who was monitoring live video feeds of the visitation room, Newberry went to the bathroom near the end of the visitation time, and after she emerged, she "handed her son a package" wrapped in white tape. The warden radioed the unit manager to notify him of what he observed. The warden testified that he watched through the observation window (not the video) as the manager approached Newberry's son, who unsuccessfully attempted to conceal the package in his waistband, accidentally allowing it to fall to the floor. Newberry and her son were separated, and Newberry was detained. The unit manager recovered the package, which was later determined to contain methamphetamine, marijuana, and tobacco. A later search of Newberry's car allegedly revealed loose tobacco, marijuana, and packing material consistent with the wrapping on the contraband package.

Based on these events, Newberry was charged in September 2021, with three counts of furnishing prohibited items to inmates, see OCGA § 42-5-18(b) (methamphetamine and marijuana) and (b.1) (tobacco), and one count of crossing the

guard line with drugs, see OCGA § 42-5-15. In February 2022, Newberry filed a motion in limine seeking to dismiss the case on the ground that the video recording of the live feed viewed by the warden was unavailable. At a hearing on the motion, the warden explained that, due to an ongoing six-month upgrade project, the video feed could be replayed after the fact, but for that week only,[1] it could not be downloaded "onto an actual disc for evidence purposes." Therefore, it was not available for Newberry to review or rebut.

In a March 2022 order, the trial court granted Newberry's motion and dismissed the case based on a finding of bad faith on the part of the State for its failure to preserve the video evidence and make it available to Newberry. The State appealed that order, and in 2023, this Court reversed the dismissal on the ground that the missing video evidence was inculpatory, so its unavailability was not constitutionally material and grounds for dismissal. See *State v. Newberry*, 366 Ga. App. 567, 569 (883 SE2d 581) (2023) ("[T]he only evidence regarding the content of the missing video footage is that it showed Newberry's commission of the charged crimes and was

---

[1] The warden testified that they fixed the issue upon discovering it.

therefore inculpatory."). This Court explicitly did not reach the trial court's finding of bad faith. See id. at 570.

Following the remittitur, a two-day jury trial ensued in September 2024, resulting in a guilty verdict on each count. Sentencing was scheduled for the next month, but it was delayed for two weeks due to damage from Hurricane Helene. A few days before the delayed hearing was held, the trial court entered an order on October 10, 2024, sua sponte granting Newberry a new trial under its authority in OCGA §§ 5-5-40(h) and 5-5-21.

On October 16, 2024, the State filed a motion to recuse the trial court judge from all future proceedings in this case. The motion and accompanying affidavit noted the pretrial dismissal by the court in March 2022, based on the bad-faith finding, and it alleged that the court's references to the pretrial ruling made outside the presence of the jury and its sua sponte dismissal demonstrated bias against the State. Before any ruling on the recusal motion, the State filed a notice of appeal the next day, October 17, 2024, giving rise to this appeal. The following day, October 18, 2024, the trial court denied the motion to recuse on the grounds that it was untimely, and the affidavit was not properly notarized.

4

1. The State first contends that the trial court erred by sua sponte granting a new trial under OCGA § 5-5-40(h) before entering a judgment on the guilty verdict. We discern no basis for reversal.

OCGA § 5-5-40 provides, in relevant part:

(a) All motions for new trial, except in extraordinary cases, shall be made within 30 days of the *entry of the judgment on the verdict* or entry of the judgment where the case was tried without a jury...

(h) The court also shall be empowered to grant a new trial on its own motion within 30 days from *entry of the judgment*, except in criminal cases where the defendant was acquitted.

(Emphasis added.) As a general matter, a judgment of conviction and sentence is not final until it is signed by the trial judge and filed by the clerk. See generally *Southall v. State*, 300 Ga. 462, 463(1) (796 SE2d 261) (2017). Thus, the State argues that the trial court's order granting a new a trial was invalid because it was rendered before the judgment of conviction was entered, as opposed to "within 30 days from entry of the judgment."

Nevertheless, in this general context, the Georgia Supreme Court has noted that the word "'within,' when used with reference to time, is generally a word of

5

limitation that means 'not beyond' or 'not later than' — fixing the end, but not the beginning, of a period." *Southall*, 300 Ga. at 465(1). See generally *Deal v. Coleman*, 294 Ga. 170, 172-73(1)(a) (751 SE2d 337) (2013) ("[W]e must afford the statutory text its 'plain and ordinary meaning,' we must view the statutory text in the context in which it appears, and we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would.") (cleaned up). For this reason, we treat prematurely filed notices of appeal (under OCGA § 5-6-38(a)) and motions for new trial (under OCGA § 5-5-40(a)) not as void and completely without effect; rather, we treat them as dormant and becoming effective upon entry of the judgment they seek to challenge. See *Southall*, 300 Ga. at 466(1).

Here, the trial court granted a new trial before any judgment of conviction was ever entered. Although it is true that OCGA § 5-5-40(h) contemplates that a judgment of conviction has already been entered before the grant of a motion for new trial, it does not expressly prohibit what happened here. In this case, we conclude that the trial court's act was not void for all purposes despite its prematurity. This is not a case in which "the trial court's sua sponte grant of a new trial fell outside of the 30-day window prescribed by the statute" because it was *after* the expiration of the statutory

deadline. *State v. Reid*, 331 Ga. App. 275, 279(2) (770 SE2d 665) (2015). Further, "it would be pointless and go beyond the statutory mandate [to] deem such [a] premature [order granting a] new trial or notices of appeal 'void,'" if there otherwise has been no prejudice to the State. The regular course of events would simply involve the trial court entering a judgment on the guilty verdict and then immediately entering a second order sua sponte granting a new trial under OCGA § 5-5-40(h). See, e.g., *State v. Hamilton*, 306 Ga. 678, 685-86(2)(c) (832 SE2d 836) (2019) (affirming, among other things, the sua sponte grant of a new trial even though the transcript had not yet been prepared: "The trial judge had presided over the entire trial … and thus had sufficient time and familiarity with the case to formulate his thoughts as the thirteenth juror."). Last, the order appealed is a final order, and vacating and remanding for re-entry of essentially the same order would subvert judicial economy without real benefit to either party. See generally *King v. State*, 373 Ga. App. 718, 726(2)(a) (908 SE2d 358) (2024) (explaining that after a final order, judicial economy is promoted by a single trip to the appellate court to review all rulings rendered in a case). Accordingly, based on the record before us, including the lack of prejudice to the State, this enumeration presents no basis for reversal, and we reach the remaining merits of the State's appeal.

2. The State contends that the trial court failed to properly apply the thirteenth-juror standard. Based on the record containing competing testimony disputing the credibility of the accusing witnesses, we find no basis for reversal.

Under OCGA § 5-5-21, invoked by the trial court, "[t]he presiding judge may exercise a sound discretion in granting ... new trials in cases where the verdict may be decidedly and strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding."

> It is well settled that even when the evidence is legally sufficient to sustain a conviction, a trial judge may grant a new trial [under OCGA §§ 5-5-20 and 5-5-21.] ... [T]hese grounds for a new trial — commonly known as the "general grounds" — require the trial judge to exercise a "broad discretion to sit as a "thirteenth juror." In exercising that discretion, the trial judge must consider some of the things that he cannot when assessing the legal sufficiency of the evidence, including any conflicts in the evidence, the credibility of witnesses, and the weight of the evidence. Although the discretion of a trial judge to award a new trial on the general grounds is not boundless — it is, after all, a discretion that should be exercised with caution and invoked only in exceptional cases in which the evidence preponderates heavily against the verdict — it nevertheless is, generally speaking, a substantial discretion. Moreover, as directed by OCGA § 5-5-50, an appellate court will not disturb the first grant of a new trial based on the general grounds unless the trial

court abused its discretion in granting it and the law and the facts demand the verdict rendered.

*Hamilton*, 306 Ga. at 684(2)(cleaned up).

Here, there was testimony by the warden that he personally witnessed Newberry pass the contraband to her son. But this was contradicted by specific testimony from Newberry and her son denying that she gave him the contraband. Specifically, Newberry's son testified that he had already obtained the contraband and arranged the visit to access certain areas of the prison to transport the contraband within the prison so that he could earn money from other prisoners. Likewise, Newberry denied having contraband in the prison or in her vehicle. Her account of the entire visitation and subsequent arrest differed substantially from the account provided by the warden. Last, the warden's credibility was called into question by another witness who testified without objection as to her opinion of his untruthfulness based on her dealings with him.

Based on this record, which lacks video corroboration of the warden's testimony and rests on the credibility of conflicting testimony, we "conclude that the trial court, who observed the trial and who had the duty to examine the conflicts in the

evidence and the credibility of the witnesses in ruling on the general grounds, did not abuse its broad discretion in granting [Newberry's] new trial on the general grounds." *State v. Byrd*, 341 Ga. App. 421, 425(2) (801 SE2d 99) (2017) (citing *State v. Hamilton*, 299 Ga. 667, 670-71(2) (791 SE2d 51) (2016); *State v. Cash*, 298 Ga. 90, 97(2)(c) (779 SE2d 603) (2015); *State v. Harris*, 292 Ga. 92, 94-95 (734 SE2d 357) (2012)). Accordingly, this enumeration provides no basis for reversal.

3. Last, the State contends that the trial court erred by denying its motion to recuse the trial judge from any future proceedings because the trial court's finding of bad faith against the State and its grant of a new trial evinced bias against the State.[2] But the recusal order was entered one day after the State filed its notice of appeal, and the State did not file a subsequent notice of appeal with respect to the recusal order. Accordingly, the State cannot enumerate error with respect to that order.[3]

---

[2] Compare *Echols v. Echols*, 281 Ga. 546, 548(1)(a) (640 SE2d 257) (2007) (holding that the motion to recuse must be based on extra-judicial acts and not based on the issuance of an order); USCR 25.2 ("The affidavit [supporting a motion to recuse] shall clearly state the facts and reasons for the belief that bias or prejudice exists, being definite and specific as to time, place, persons and circumstances of *extra-judicial conduct or statements*[.]") (emphasis added).

[3] Based on this record, we need not determine whether the recusal order falls within the orders made appealable by the State by OCGA § 5-7-1(9) (authorizing an appeal from "an order, decision, or judgment denying a motion by the state to recuse

"Judgments cannot be considered on appeal if rendered subsequent to the judgment appealed from." *Patel v. State*, 289 Ga. 479, 487 n.14 (713 SE2d 381) (2011) (citing *Norman v. Ault*, 287 Ga. 324, 331 (6) (695 SE2d 633) (2010)). See also *Watts v. State*, 334 Ga. App. 770, 780(2) (780 SE2d 431) (2015) (challenges to the merits of "orders [entered after the filing of the notice of appeal] cannot be enumerated as error on this appeal"). Accordingly, we lack jurisdiction to consider the recusal order.

*Judgment affirmed. Davis, J., and Senior Judge C. Andrew Fuller concur.*

---

or disqualify a judge made and ruled upon prior to the defendant being put in jeopardy").