## S96A1284. THE STATE v. JOHNSON.

(477 SE2d 579)

THOMPSON, Justice.

In this appeal by the State from an order barring further prosecution on double jeopardy grounds, this question is presented: Where only one of two defendants moves for a mistrial and the court declares a mistrial as to both the moving defendant and the defendant who did not make the motion, does double jeopardy bar a retrial of the defendant who remained silent?

Johnson and Weems were indicted for murder, felony murder, and aggravated assault. In the midst of trial, the state's second witness, a detective, testified on direct examination that Weems had refused to make a statement. Thereupon, Weems' attorney moved for a mistrial. Johnson's attorney did not join in the motion. In fact, he did not comment or participate in the discussion concerning the motion. Nevertheless, the trial court unilaterally granted a mistrial to both Weems and Johnson.

Weems' attorney indicated he would make a motion to bar retrial based on double jeopardy. Again, Johnson's attorney remained silent. However, the following day, Johnson's attorney joined Weems' attorney in moving for dismissal of the charges based on double jeopardy. This was the first time that Johnson's attorney had spoken on the issue. Weems' motion was denied, and he was retried and convicted. Johnson's motion was granted and the State appealed. We reverse because, by remaining silent, Johnson impliedly consented to the declaration of a mistrial.

> In general, once a jury has been sworn and impaneled and jeopardy has attached, "the power of the trial judge to interrupt the proceedings on his own or the prosecutor's motion by declaring a mistrial is subject to stringent limitations." *Jones v. State*, 232 Ga. 324, 326-27 (206 SE2d 481) (1974). Accord *Cobb v. State*, 246 Ga. 619 (272 SE2d 296) (1980). However, if a defendant consents to a mistrial, he may not thereafter utilize the mistrial as the basis of a plea of double jeopardy. *Lyde v. State*, 241 Ga. 111 (243 SE2d 64) (1978).

*McCormick v. Gearinger*, 253 Ga. 531, 533 (322 SE2d 716) (1984).

Consent to the grant of a mistrial can be express or implied. *United States v. Smith*, 621 F2d 350, 351 (9th Cir. 1980); *United States v. Goldstein*, 479 F2d 1061, 1067 (2nd Cir. 1973). Although Johnson did not expressly consent to a mistrial, he impliedly consented by failing to object timely to the mistrial declaration. See *McCormick v. Gearinger*, supra (failure to object to mistrial, coupled

with even tacit joining of co-defendant's motion for mistrial, constitutes consent to mistrial). See also *United States v. Gordy*, 526 F2d 631, 635, fn. 1 (5th Cir. 1976) (dictum) (failure to object timely to declaration of mistrial may vitiate double jeopardy claim); *United States v. Phillips*, 431 F2d 949, 950 (3rd Cir. 1970) (failure to object to declaration of mistrial constitutes waiver). It follows that the trial court erred in barring further prosecution of Johnson.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 12, 1996.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Leigh A. Dupre, Assistant District Attorneys,* for appellant.

*Robert F. Coheleach,* for appellee.