**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A2359. BROWN v. THE STATE.

MCFADDEN, Chief Judge.

This appeal challenges the denial of a plea in bar which asserted double jeopardy grounds after the first trial of the defendant ended with the trial judge's sua sponte declaration of a mistrial due to a violation of the rule of sequestration. Because there was no manifest necessity for a mistrial, the defendant may not be tried again on the same charges. Accordingly, the trial court erred in denying the plea in bar.

1. *Facts and procedural posture.*

Jasmine Brown was charged by accusation with two counts of battery and four counts of reckless conduct arising out of an altercation that allegedly occurred on November 3, 2016. The case proceeded to a jury trial on March 23, 2018. At the outset of the trial, Brown's counsel invoked the rule of sequestration, and the trial

court instructed any witnesses in the case to leave the courtroom. The state then presented its case-in-chief and rested.

As the defense prepared to call its two witnesses, who were located in a conference room adjacent to the courtroom, the judge indicated that the door to the conference room had not been closed. The judge sent the jury to the jury room, brought the two defense witnesses into the courtroom, and asked them how long they had been in the conference room. Both witnesses indicated that they had been in the room approximately two hours. The judge asked if they had been able to hear her voice from the conference room. One of the witnesses said, "A little, but I wasn't paying attention." And the other witness replied, "It goes, but it wasn't clear."

The judge then asked the state if it had a motion. The state's attorney did not make a motion, but she said that there was a question about whether the rule of sequestration had been violated and noted that one of the witnesses was also charged with offenses arising out of the alleged altercation. When the state's attorney continued discussing that witness, the trial judge cut her off and sua sponte declared a mistrial. The judge announced: "This case is mistried. I'm declaring a mistrial at this moment. The case is mistried and I will consider rescheduling as well as any other additional matters next week." The judge then called the jurors back into the

2

courtroom, told them that there was a mistrial because there had been a violation of the rule of sequestration, and dismissed the jury.

After the jury had left, the court reporter told the judge that she thought the two witnesses had approached her after lunch and asked "in general how they would go about getting what was said in the trial." The judge indicated that she appreciated that matter being put on the record, but that she wanted to get back to the issue at hand, which was the rule of sequestration. The judge then announced that there had been a violation of that rule, that she found the violation to be the responsibility of defense counsel, and that she was holding both defense attorneys in contempt of court. The judge refused the attorneys' request for a hearing at a later date with the assistance of counsel and asked them if they had anything "to say about the actual contempt at this time[.]" After both attorneys denied being in contempt, the judge reiterated her earlier finding of contempt, fined each of them $175, and adjourned the proceedings.[1]

Brown subsequently filed a plea in bar, claiming that the trial judge had improperly declared a mistrial and thus any subsequent prosecution of the case against her is barred by double jeopardy. After a hearing, the trial judge denied the

---

[1]An appeal from the summary criminal contempt finding against the two defense attorneys is pending before this court. See *In re Adams*, Case No. A19A1723.

plea in bar. In her written order, the judge estimated that the door of the conference room was located approximately twenty-five to thirty feet from the witness stand and that the door had been open approximately four to six inches during the trial proceedings. The judge found, based on her brief questioning of the two defense witnesses at trial, that they had in fact heard the testimony of the state's witnesses. The judge concluded that she had the discretion to declare a mistrial based on such a violation of the rule of sequestration and that subsequent "[p]rosecution of the case is not barred by double jeopardy." Brown appeals from that ruling.

2. *Double jeopardy.*

Brown asserts that the trial judge erred in denying her plea in bar because the double jeopardy provisions of the federal constitution, the Georgia constitution, and the Georgia code prohibit another trial on the same charges after the mistrial.

> In determining whether a second trial is permitted on the same charges following a mistrial, our case law has treated all forms of double jeopardy claims, whether under the Constitution of the United States, under the Georgia Constitution, or under the Georgia Code, in a manner consistent with case law from the United States Supreme Court regarding the Fifth Amendment, and we do so below regarding [Brown's] claims.

*Carman v. State*, 304 Ga. 21, 25 (2) (815 SE2d 860) (2018).

4

"The Double Jeopardy Clause of the Fifth Amendment, which applies to the states through the Fourteenth Amendment, says '[n]o person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb.'" *Meadows v State*, 303 Ga. 507, 510 (2) (813 SE2d 350) (2018) (citations and punctuation omitted). See also Ga. Const. of 1983, Art. I, Sec. I, Par. XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense. . . ."); OCGA § 16-1-8 (a) (2) ("A prosecution is barred if the accused was formerly prosecuted for the same crime based upon the same material facts, if such former prosecution . . . [w]as terminated improperly after the jury was impaneled and sworn[.]).

> [P]rotection against double jeopardy recognizes the valued right of a criminally accused, once [her] jury has been sworn and impaneled and thus jeopardy has attached, to have [her] trial proceed to acquittal or conviction before that tribunal. The trial judge, therefore, must always temper the decision whether or not to abort a trial by considering the importance to the defendant of being able, once and for all, to conclude [her] confrontation with society through the verdict of a tribunal [she] might believe to be favorably disposed to [her] fate. For these reasons, to avoid barring a second trial, the court may declare a mistrial without a defendant's consent or over [her] objection only when taking all the circumstances into consideration, there is a manifest necessity for doing so, which means a high degree of necessity.

*Meadows*, supra at 511 (2) (citations and punctuation omitted). "Because of the severe consequences of ordering a mistrial without the accused's consent, a trial court

5

should give careful, deliberate, and studious consideration to whether the circumstances demand a mistrial, with a keen eye toward other, less drastic, alternatives[.]" *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994) (citations and punctuation omitted). See also *Fugitt v. State*, 253 Ga. 311, 315 (E), n. 3 (319 SE2d 829) (1984) ("Unique problems arise when the court grants a mistrial . . . on the court's own motion. [Cit.]").

In this case, there was no manifest necessity for the trial judge's sua sponte declaration of a mistrial based on the finding of a purported violation of the rule of sequestration. Our current statutory rule regarding sequestration of witnesses provides, in pertinent part, that "at the request of a party the court shall order witnesses excluded so that each witness cannot hear the testimony of other witnesses, and it may make the order on its own motion." OCGA § 24-6-615.[2] "(T)he purpose of the sequestration rule is to prevent the shaping of testimony by one witness to match that of another, and to discourage fabrication and collusion." *Davis v. State*,

---

[2]"The text of OCGA § 24-6-615 differs significantly from the text of the sequestration provision of the old Evidence Code, and instead tracks in pertinent part the language of Federal Rule of Evidence 615. To the extent that a provision of the new Evidence Code deviates from the old Evidence Code and borrows its text from a Federal Rule of Evidence, we look to decisions of the federal appellate courts construing and applying the Federal Rule." *Franklin v. State*, 306 Ga. 872, 875 (2) n. 9 (834 SE2d 830) (2019) (citation and punctuation omitted).

299 Ga. 180, 185 (2) (a) (787 SE2d 221) (2016) (citation and punctuation omitted).

Accord *Jones v. State*, 302 Ga. 488, 493 (3) n. 5 (807 SE2d 344) (2017). But the "[f]ailure of a witness to comply with the sequestration rule does not of itself render his testimony inadmissible, although it may affect the weight of the testimony[.]" *United States v. Suarez*, 487 F2d 236, 238 (5th Cir. 1973).

> [W]hen the rule of sequestration has been invoked and a witness violates it, the trial court may respond in at least three ways: (1) it may cite the guilty party for contempt; (2) it may allow opposing counsel to cross-examine the witnesses as to the nature of the violation; or (3) where counsel or the witness violates the rule intentionally, the court may strike testimony already given or disallow further testimony. The [trial] court's denial of a mistrial for violation of the sequestration rule is a matter of discretion and reversible only on a showing of prejudice.

*Davis*, supra at 188 (2) (a). "To justify either declaring a mistrial or granting a new trial for a violation of [the rule of sequestration], there must be a showing that [a party's] right to a fair trial was prejudiced by the violation." *United States v. Green*, 2015 U. S. Dist. LEXIS 69000 at *29-30 (II) (b) (2015 WL 3440424) (M. D. Fla. 2015) (construing and applying Eleventh Circuit decisions).

In this case, there was no showing that the state's right to a fair trial was prejudiced by the alleged violation of the rule of sequestration. As an initial matter, there is no evidence that the rule was actually violated. The record shows only that

7

at some point the two defense witnesses could hear the judge's voice from the conference room. But there is no evidence of any specific testimony that was overheard, no evidence as to what the two defense witnesses' own testimony would have been, and no showing that their testimony would have been shaped to match the testimony of others. "Under these circumstances, . . . declaring a mistrial [was an] inappropriate sanction[]." *United States v. Jimenez*, 780 F2d 975, 981 (III) (C) (11th Cir. 1986) (involving no prejudice or showing that witness' testimony was influenced by violation of the rule).

Furthermore, even if we assume that the trial judge was authorized to infer that the two defense witnesses could have heard testimony from the witness stand, there still was no evidence of any prejudice to the state from any presumed overhearing of testimony. As discussed above, there is no evidence showing that either of the defense witnesses would have changed their testimony to match that of other witnesses. See *Verdin v. Sea-Land Serv.*, 1993 U. S. App. LEXIS 39310 at *9 (III) (C) (5th Cir. 1993) (no prejudice where there was no showing that witness changed testimony as a result of sequestration violation). Absent such prejudice, there was no manifest necessity for the judge's sua sponte declaration of a mistrial. "Instead, the [trial] court [should have] chose[n an] intermediate option[, such as allowing] . . .

8

cross-examination of the witness[es] regarding the [possible] violation . . . [and] instructing the jury that a violation of the rule should be considered in evaluating [their] credibility[.]" *Jimenez*, supra. Because the extreme and unnecessary sanction of "a mistrial was improperly declared, . . . we [must] reverse the judgment of the trial court denying [Brown's plea in bar] on grounds of double jeopardy." *Johnson v. State*, 258 Ga. App. 33, 35 (1) (572 SE2d 669) (2002).

3. *Implied consent to mistrial.*

The dissent posits that because Brown did not object after the trial court's sua sponte declaration of a mistrial, she thereby consented to the mistrial and is thus barred from asserting the double jeopardy violation as a plea in bar. As an initial matter, we note that this issue was not raised by the parties on appeal or ruled on by the trial court, which made no finding that Brown had consented to the court's declaration of a mistrial. Regardless, it is clear from a review of the trial transcript that Brown did not consent to the mistrial.

The dissent cites *State v. Johnson*, 267 Ga. 305 (477 SE2d 579) (1996) for the proposition that the failure to raise a timely objection to a mistrial constitutes implied consent to the mistrial. But *Johnson*, which is materially different from the instant case, announced no such bright-line rule requiring that a defendant object to a mistrial

9

or else be deemed to have consented to it. In *Johnson*, one of two co-defendants moved for a mistrial, the other co-defendant remained silent during the discussion concerning the motion, the trial court granted the motion for a mistrial as to both co-defendants, the co-defendant who had not made the motion did not object, the co-defendant who had made the motion indicated to the court that he would make a motion to bar retrial based on double jeopardy, and the other co-defendant again remained silent. Id. at 305. Under those circumstances, the Supreme Court, citing the case of *McCormick v. Gearinger*, 253 Ga. 531 (322 SE2d 716) (1984) for the proposition that "failure to object to mistrial, coupled with even tacit joining of co-defendant's motion for mistrial, constitutes consent to mistrial," held that the co-defendant who had not made the motion had impliedly consented to the mistrial by failing to object. *Johnson*, supra at 305-306.

In the instant case, there was no co-defendant's motion for mistrial which Brown tacitly joined. Indeed, there was no motion for a mistrial by either party and no discussion at all between the court and the parties about the possibility of a mistrial. Rather, the trial judge cut off the prosecutor mid-sentence as she was discussing one of the defense witnesses, announced that the case was mistried, called for the jurors to be brought into the courtroom and dismissed them, and summarily

10

held the defense attorneys in contempt. At no point either before or after the court had sua sponte ordered a mistrial did the court ask Brown for her position on the matter. See *Dotson v. State*, 213 Ga. App. 7, 10 (1) (443 SE2d 650) (1994) ("The trial court gave appellant no opportunity before declaring mistrial either to object thereto or to present an argument as to the appropriate means of correcting the . . . error[.]"). Compare *Burleson v. State*, 259 Ga. 498, 500 (384 SE2d 659) (1989) ("It is apparent from the exchange between court and counsel and from the hearing on the plea in bar that the defendant was afforded an opportunity to object and to suggest alternatives to the mistrial.").

The dissent also contends that the instant case is similar to *Howell v. State*, 266 Ga. App. 480 (597 SE2d 546) (2006). On the contrary, *Howell* is materially different from the instant case. In *Howell*, the state provided the defendant with newly discovered exculpatory material during the course of the trial. Id. at 487 (3). The court immediately told defense counsel that it was inclined to grant a continuance instead of a mistrial; defense counsel then moved for a continuance; after some discussion, instead of a continuance, the court announced that it was going to excuse the jury and call the case back the next month for another trial; after dismissing the jury, the court conferred with defense counsel to ensure that he would be available for trial the next

11

month and counsel assured the court that he would be available. Id. On appeal, this court concluded that the trial court had in effect granted a mistrial by indicating its intent to excuse the jury and try the case at a later date, and that the trial court was authorized to find that the defendant's counsel had impliedly consented to such a procedure by failing to object. Id. at 487-488 (3).

In the instant case, unlike in *Howell*, the defense was not given any opportunity to discuss the various remedies available to the court before the court's sua sponte declaration of a mistrial. And the trial court here did not confer with Brown's counsel after declaring a mistrial to ensure availability for another trial. Whereas the circumstances in *Howell* supported a finding by the trial court that defense counsel had consented to the trial court's procedure to try the case before another jury in light of newly discovered exculpatory material, there were no such circumstances in the instant case.

Certainly, the lack of an objection to a mistrial is a factor to be considered in determining whether there has been consent to the mistrial. But there is no bright-line rule establishing that the absence of an objection automatically equates to consent in all cases. Rather, the applicable law is that in order "to avoid barring a second trial, the court may declare a mistrial without a defendant's consent *or* over his objection

12

only when taking all the circumstances into consideration, there is a manifest necessity for doing so[.]" *Meadows v. State*, 303 Ga. 507, 511 (2) (813 SE2d 350) (2018) (citations and punctuation omitted; emphasis supplied). Accord *Smith v. State*, 263 Ga. 782, 783 (1) (439 SE2d 483) (1994) ("If a mistrial is declared without a defendant's consent *or* over his objection, the defendant may be retried only if there was a 'manifest necessity' for the mistrial. [Cit.]") (emphasis supplied); *Pleas v. State*, 268 Ga. 889, 890 (2) (495 SE2d 4) (1998) (same). This controlling law expressly distinguishes between an objection to a mistrial and the lack of consent to a mistrial, does not equate the two, and requires manifest necessity for a mistrial if there is *either* the lack of consent or an objection to the mistrial. So where, as in the instant case, there was no objection to the mistrial, the court must then determine whether or not there was consent to the mistrial. But the court cannot simply equate the lack of an objection with consent since our law clearly distinguishes between the two and requires manifest necessity for a mistrial if either circumstance exists.

Under all the circumstances of this case, the mere absence of an objection to the court's abrupt sua sponte declaration of a mistrial, without more, did not constitute consent to the mistrial. See *Smith*, supra (finding no consent even though no objection after declaration of mistrial). See also *Reed v. State*, 267 Ga. 482, 484

13

(1) (480 SE2d 27) (1997) ("[T]he power of the trial judge to interrupt the proceedings on his own . . . by declaring a mistrial is subject to stringent limitations.") (citation omitted).

*Judgment reversed. Senior Appellate Judge Herbert E. Phipps concurs. McMillian, P. J., dissents.\**

**\*THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

MᴄMɪʟʟɪᴀɴ, Presiding Judge, dissenting.

Because the defendant failed to timely object when the trial court called a mistrial at the initial trial of this case, the defendant was barred from asserting a double jeopardy violation as a plea in bar. For this reason, I must respectfully dissent.

Under Georgia law, if a defendant consents to a mistrial, "he may not thereafter utilize the mistrial as the basis of a plea of double jeopardy." (Citation omitted.) *State v. Johnson*, 267 Ga. 305, 305 (477 SE2d 579) (1996). See also *Lyde v. State*, 241 Ga. 111, 111 (243 SE2d 64) (1978). Our Supreme Court has held that "[c]onsent to the grant of a mistrial can be express or implied," and that the failure to raise a timely objection to the mistrial constitutes implied consent. *Johnson*, 267 Ga. at 305. Here, as the trial judge noted in her order on the plea in bar and as Brown concedes on appeal , neither of Brown's two trial attorneys ever raised any objection to the mistrial. Although Brown asserts that her counsel were not given the opportunity to be heard before the trial court declared a mistrial , a timely objection could have been made at the time the trial court called the mistrial. The trial judge made the

announcement while the jurors were outside the courtroom, and she then called the jury back and dismissed them. Therefore, Brown's counsel had the opportunity to raise an objection after the court declared the mistrial but before the jurors were returned to the courtroom; however, they did not object.

This case is remarkably similar to *Howell v. State*, 266 Ga. App. 480 (597 SE2d 546) (2004). In *Howell*, defendant's counsel moved for a continuance, but the trial court announced it would excuse the jury and call the case back for trial before a different jury at the next trial calendar. The court then called the jury in and dismissed them. We held that the defendant's counsel's failure to raise an objection after the court announced its intention to excuse the jury but before they returned to courtroom supported the trial court's finding that the defendant, through counsel, impliedly consented to the grant of a mistrial and thus it could not serve as the basis for a plea in bar. Id. at 487-88 (3).

I therefore conclude that Brown impliedly consented to the mistrial by failing to raise a timely objection. *Johnson*, 267 Ga. at 305 (defendant impliedly consented to mistrial after he failed to object after the mistrial declaration); *Howell*, 266 Ga. App. at 488 (3). Accordingly, the trial court properly denied Brown's plea in bar, and I would affirm. See *Johnson*, 267 Ga. at 306; *State v. Stockhoff*, 333 Ga. App. 833,

2

839 (777 SE2d 511) (2015); *State v. Grayson*, 332 Ga. App. 862, 865 (1) (775 SE2d 222) (2015); *Howell*, 266 Ga. App. at 488 (3).[1]

---

[1] Pretermitting whether the issues raised in the plea in bar would be subject to review for plain error under OCGA § 24-1-103 (d), it is well established that "the burden of establishing plain error falls squarely on the defendant," *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017), and Brown has not asserted plain error, nor can her appellate argument be construed as touching upon the required elements for showing such error.

3